[Civ. No. 841.   Second Appellate District.—December 21, 1910.]

## J. W. PATTERSON, Appellant, v. Mrs. E. J. CROWELL and JOHN DOE VAN KIRK, Respondents.

VENDOR'S LIEN—UNPAID PURCHASE MONEY FOR LAND—EMPLOYMENT OF INVESTMENT AGENT BY PURCHASERS—FINDINGS AGAINST EVIDENCE.—In an action to enforce a vendor's lien for unpaid purchase money of land sold by the plaintiff to the defendants, where it appears that defendants had been regularly employing an investment agent to make purchases for them, that he had money on hand belonging to them, and defendant Van Kirk sent to defendant Crowell $2,000 more for investment through such agent, aggregating $3,479.25, and the sum was invested by him with Crowell's approval in a lot priced at $4,000, it is held that findings in such action that such investment agent was agent for the plaintiff, and that there was no agreement of defendants to pay any more than $3,479.25 for the property, and that no sum was left unpaid therefor, were against the evidence.

ID.—EXCESS OF AUTHORITY BY AGENT—REMEDY OF DEFENDANTS—RESCISSION.—If the investment agent of the defendants exceeded his authority and sought to bind defendants by an unauthorized agreement to create a debt, defendants, upon discovery of this fact, might have repudiated the contract by offering to deliver back whatever they had received from the plaintiff upon condition that their money be restored to them. If they were misled at all, they were misled by their own agent.

ID.—RETENTION OF BENEFITS — RATIFICATION OF CONTRACT.—A person cannot retain the benefits of a contract, and insist that he is bound only by the obligations thereof to the extent that his agent possesses authority to contract in his behalf. By claiming the right to enjoy the fruits of such a contract, with knowledge of the conditions made and assented to by his agent, he ratifies the contract and assumes its burdens.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, for Appellant.

Simpson, Moody & Simpson, for Respondents.

JAMES, J.—Action to enforce a vendor's lien on real property for the principal sum of $575.21. Judgment was in favor of defendants. Plaintiff appeals from the judgment and from an order denying his motion for a new trial.

In the year 1906, Martin I. Smith was acting for defendants as an investment agent. Smith had invested money of defendants prior to the transaction which resulted in the purchase of the property sought to be held as security for the lien in this case. These investments had been profitable. Upon that subject Van Kirk testified: "He [Smith] had made some other investments for us and made us some money." In the fall of 1906, defendant Van Kirk sent to Mrs. Crowell $2,000 to be placed in Smith's hands for investment. At that time Smith held money belonging to defendants in about the amount of $1,479.25. This sum added to the $2,000 of Van Kirk's made a total of $3,479.25. Mrs. Crowell was authorized to act for Van Kirk. She instructed Smith to invest the total amount of money held by him. Whatever arrangement there was between Van Kirk and Mrs. Crowell as to the share which each would have in any property purchased, or the proceeds therefrom, was a secret matter between the two, so far as the record shows. Mrs. Crowell dealt with Smith both for herself and Van Kirk, with authority from the latter to act as his agent. Smith invested the $3,479.25, or the greater part thereof, in certain lots of lands which he purchased from plaintiff. The purchase price was $4,000. This was more money than Smith had in his hands to invest for Van Kirk and Mrs. Crowell, but he agreed with plaintiff that defendants would pay the remainder of the purchase price. He then informed Mrs. Crowell of the investment he

had made and also the price to be paid for the property. Smith testified: "Mrs. Crowell went out to see the lots before Van Kirk came from the north, and she was satisfied with the deal." Mrs. Crowell in her testimony said: "He [Smith] told me that he had invested this money in the lots mentioned in the complaint. . . . Smith told me the price was $4,000, and that he had invested the money. Mr. Van Kirk was not in Los Angeles at the time Mr. Smith told me he had invested our money in the lots."

Defendant Crowell did not deny that she was satisfied with the investment on the terms reported to her by Smith. Meanwhile, Smith had had the property transferred to one Neal, who was employed in his office. He told Patterson, the plaintiff, that Mrs. Crowell wanted to secure a loan of $1,000 on the property and did not want to sign the promissory note herself; that Mrs. Crowell and Van Kirk were financially good and would pay the balance due on account of the purchase price. When Van Kirk came back from the northern part of the state he viewed the property and was told the purchase price was $4,000. He testified that he informed Smith that he would not pay more money than he (Smith) had in his hands for the property, and demanded either the return of the money or delivery of the deeds. The deeds to the property were delivered by Smith to the defendants some months later. The trial court found that Smith was acting as the agent for the plaintiff Patterson, and that there was no agreement on the part of defendants to pay the claimed balance due on account of the purchase price; that the full purchase price agreed to be paid had been paid by them. In stating or quoting from the testimony we have only given that which is uncontradicted and portions of that given by defendants themselves. The case as finally submitted to the trial court stood with an express admission on the part of defendants that they had authorized Smith to act as their agent to invest their money. Pursuant to this authority, Smith had purchased the property described in the complaint, and in so doing attempted to charge defendants with the debt on account of a balance due on the purchase price. In this he exceeded his apparent authority, but Mrs. Crowell, who was acting for her codefendant as well as for herself, "was satisfied." Patterson, the plaintiff, did not employ Smith to sell his property. He

was told and understood that Smith was acting for defendants. Viewing the evidence which stands without conflict, in connection with the testimony of defendants, we fail to find support for the finding of the court that Smith was acting as the agent of plaintiff, or that the full amount of the purchase price agreed by defendants to be paid has been paid. If Smith, as the agent of defendants, exceeded his authority and sought to bind defendants by an unauthorized agreement, defendants, upon discovery of this fact, might have repudiated the contract by offering to deliver back whatever they had received from the plaintiff upon condition that their money be restored to them. If they were misled at all, they were misled by their own agent. A person cannot retain the benefits of a contract and insist that he is bound only by the obligations thereof to the extent that his agent possessed authority to contract in his behalf. By claiming the right to enjoy the fruits of such a contract, with knowledge of the conditions made and assented to by his agent, he ratifies the contract and assumes its burdens.

As the findings of the court are not sufficiently supported by the evidence, it follows that the judgment and order denying defendant's motion for a new trial must be reversed, and it is so ordered.

Allen, P. J., and Shaw, J., concurred.